(125 So. 444)

No. 30224.

## STATE v. DUPLECHAIN.

Dec. 2, 1929.

Griffin T. Hawkins, of Lake Charles, for appellant.

Percy Saint, Atty. Gen., John J. Robira, Dist. Atty., and S. H. Jones, Asst. Dist. Atty., both of Lake Charles (E. R. Schowalter, of New Orleans, of counsel), for the State.

ROGERS, J. Albert Duplechain and C. L. Marcantel were jointly charged in two bills of indictment, each containing two counts, with conspiring to commit an assault and battery and with an assault and battery on one Kelly Le Doux. The bills of indictment were separately filed in the district court—one under the No. 2175 and the other under the No. 2177. Marcantel pleaded guilty, and Duplechain was convicted, in case No. 2175, and the latter prosecutes this appeal from his conviction and the sentence imposed upon him in consequence thereof.

As originally drawn, both bills of indictment set forth the offenses with which the defendants were charged as having been committed on July 21, 1929. On the day of, but prior to, the trial, the defendant Albert Duplechain filed a motion for a bill of particulars, coupled with a motion to quash in both cases. This motion, after argument by counsel, was overruled by the trial judge; the defendant Duplechain reserving a bill of exception to the ruling.

The appellant, in his motion, averred that he was entitled to a bill of particulars setting forth whether the bills of indictment were duplicates of each other, and, if not, that the state should be compelled to furnish him with the time and place of each offense charged in each count, and, especially, whether the offenses resulted from a single act or from a continuous transaction, in which event the mover asked that both bills of indictment be quashed.

The record discloses that appellant was

tried only on the bill of indictment filed in case No. 2175. The bill itself was amended before trial, without objection on defendant's part, so as to set out July 20, 1929, as being the date on which the offenses therein charged were committed.

The trial judge, in his statement per curiam, remarks, in passing, that all charges against the appellant in case No. 2177 were nolle prosequied. Be that as it may, we fail to find that the overruling of defendant's motion gave him any cause of complaint.

It is obvious that the appellant was charged with separate crimes, if the offenses set forth in case No. 2175 were committed on July 20, 1929, as shown by the amended bill of indictment, and the offenses set forth in case No. 2177 were committed on July 21, 1929, as shown by the original bill of indictment. In that event he was amenable to prosecution on either or both of the bills of indictment. On the other hand, if both indictments returned by the grand jury against the appellant were, in point of fact, mere duplications of each other, nevertheless appellant has suffered no injury, because he was tried and convicted only on one of the bills of indictment and hence could not be successfully tried for the same acts on the other bill of indictment. The pendency of the indictment in the second case did not inhibit the prosecution of the appellant on the indictment in the first case. Under the settled jurisprudence, "the pendency of an indictment or information is no bar to another prosecution under a different indictment or information. There may be several indictments or informations pending in the same court for the same offenses against the same defendant." Marr's Crim. Juris. (2d. Ed.) vol. 2, p. 744.

The trial judge ruled that the exact time and place of their commission are not elements of the offenses set forth in the bill of indictment. He also ruled that the district attorney was not required by way of answer to a bill of particulars to allege whether the offenses charged are part of one transaction; that the rights of the accused in such matters are otherwise protected. We see no error in these rulings.

For the reasons assigned, the conviction and sentence appealed from are affirmed.